United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 26-36231** |
| **CHANEE TENNILLE COLEMAN,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 7** |

**ORDER**
**DENYING EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(c)(3)**
*Resolving Dkt. Nos. 9, 10*

Pending before the Court is the "Emergency Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)" ("*Motion*") filed by Chanee Tennille Coleman ("*Debtor*") on August 25, 2026, and the "Emergency Request for Expedited Hearing on Motion to Extend the Automatic Stay" ("*Request*") filed by Debtor on August 25, 2026. Dkt. Nos. 9 and 10. On June 25, 2026, Debtor filed a chapter 7 petition which commenced Case No. 26-34474 (the "*First Case*"). Bankr. No. 1.[1] On August 19, 2026, this Court struck Debtor's bankruptcy petition in the First Case by entering its "Order Striking Bankruptcy Petition" in the First Case. Bankr. No. 21. On August 25, 2026, Debtor filed a second chapter 7 petition which commenced the instant case. The First Case has not yet been dismissed.

In the Motion, Debtor requests that this Court (i) schedule a hearing on the Motion before the expiration of the 30-day period described in 11 U.S.C. § 362(c)(3)(A) and (ii) enter an Order extending the automatic stay as to all creditors, specifically including P.C.F. Properties in TX, LLC, and the Harris County Precinct 4 Constable, until further order of this Court. Dkt. No. 9. In the Request, Debtor requests that the Court hear the Motion on an expedited basis. Dkt. No. 10.

11 U.S.C. § 362(c)(3)(A) provides:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case . . . .

[1] "Bankr. No. __." refers to docket entries in the First Case, No. 26-34474. "Dkt. No. __" refers to docket entries in the instant case, No. 26-36231.

By its plain terms, § 362(c)(3)(A) applies only if the previous case filed by the debtor was "dismissed." *In re Salazar*, 339 B.R. 622, 632–33 (Bankr. S.D. Tex. 2006). Debtor's petition in the First Case was struck, but the First Case has not been dismissed. Thus, § 362(c)(3)(A) is not applicable in this proceeding. Accordingly, it is hereby:

**ORDERED:** that

1. The "Emergency Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)" filed by Chanee Tennille Coleman on August 25, 2026, at Dkt. No. 9 is DENIED as MOOT.

2. The "Emergency Request for Expedited Hearing on Motion to Extend the Automatic Stay" filed by Chanee Tennille Coleman on August 25, 2026, at Dkt. No. 10 is DENIED as MOOT.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Monday, August 31, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**