United States Courts
Southern District of Texas
FILED
SEP 2 4 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-36231-H4-7** |
| | § | (Chapter 7) |
| **CHANEE TENNILLE COLEMAN,** | § | **Hon. Eduardo V. Rodriguez** |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |

---

**DEBTOR'S WRITTEN OBJECTION TO P.C.F. PROPERTIES IN TX, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE CHIEF BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:**

NOW COMES the Debtor, Chanee Tennille Coleman, appearing Pro Se, and files this Written Objection to the Motion for Relief from the Automatic Stay filed by Movant, P.C.F. Properties in TX, LLC, represented by counsel John V. Burger, and respectfully shows the Court as follows:

## I. GROUND FOR OBJECTION: THE UNDERLYING FORECLOSURE DEED IS VOID

1. Movant claims an interest in the residential real property located at 15538 Kiplands Bend Dr., Houston, TX 77014 ("the Property") via a Substitute Trustee's Deed resulting from a non-judicial foreclosure sale on May 5, 2026. However, the underlying foreclosure sale executed by Idaho Housing and Finance Association / HomeLoanServ was structurally defective and executed in direct violation of mandatory federal mortgage servicing laws, rendering the resulting deed void as a matter of law.

2. Debtor proactively initiated an active civil action on March 23, 2026, in the United States District Court for the Southern District of Texas for quiet title and predatory loan servicing practices to prevent foreclosure. Subsequent to the purported foreclosure auction on May 5, 2026, Debtor timely amended the federal complaint to formally incorporate wrongful foreclosure claims and added the new evicting purchaser entity, P.C.F. Properties in TX, LLC, as a necessary co-defendant. Debtor's operative federal complaint alleges severe dual-tracking violations under CFPB regulation 12 CFR § 1024.41 and a total failure to respond to a formal Qualified Written Request (QWR) / Notice of Error under the Real Estate Settlement Procedures Act (RESPA) dated February 10, 2026.

3. Because the foreclosing entity initiated and finalized the sale in direct violation of mandatory federal regulations, the resulting deed transferred to Movant is legally void under Texas real estate law. A void deed conveys no legal title whatsoever. Therefore, legal and equitable title never shifted to Movant, and the Property remains protected property of the Debtor's bankruptcy estate under 11 U.S.C. § 541. The automatic stay must be maintained to preserve the status quo until the federal district court adjudicates the validity of the core title.

## II. GROUND FOR OBJECTION: MOVANT FAILED ITS DUTY TO INVESTIGATE

4. Under established Texas real estate jurisprudence, a third-party purchaser at a foreclosure sale has an absolute legal duty to inquire into the rights of an occupant who remains in visible, open, and continuous possession of the real property. Physical occupancy operates as actual and inquiry notice to the entire world of the possessor's adverse claims to the underlying title.

5. Movant purchased the property blindly at the non-judicial auction without ever executing ordinary due diligence to inspect the premises or inquire why the Debtor remained in active physical occupancy of her homestead. Furthermore, the foreclosing servicer's internal accounting portal remains fully active and explicitly lists Debtor's account as "open" with a total delinquency balance of exactly $45,243.60, demonstrating that the auction funds have not been credited or finalized internally.

6. Because Movant failed its duty to investigate a visible resident and purchased an asset out of an actively disputed, uncredited accounting chain, Movant took a calculated investment gamble and cannot claim protected "Bona Fide Purchaser" status. The automatic stay should not be lifted to reward a total failure of ordinary diligence.

## III. GROUND FOR OBJECTION: DEBTOR'S GOOD FAITH AND LITIGATION TIMELINE

7. Debtor has consistently and diligently pursued every available legal remedy to protect her home through proper procedural channels, completely disproving any accusation of bad faith or systemic system manipulation.

8. Prior to any eviction filings or the foreclosure sale itself, Debtor proactively initiated her federal lawsuit on March 23, 2026, to resolve her property and consumer rights under federal court supervision. Following a JP court eviction order, Debtor timely perfected an eviction appeal on June 15, 2026, via a verified Statement of Inability to Pay. Under Texas Rule of Civil Procedure 510.9, this filing instantly suspended the judgment and stripped the JP court of power to enforce the removal.

9. Despite this active statutory suspension, the JP judge violated mandatory civil procedure by ignoring the appeal and illegally issuing a 24-hour Writ of Possession on June 23, 2026, denying Debtor fundamental due process. Following a federal remand, the state County Court clerk mistakenly closed the appeal file due to a clerical error on August 10, 2026. Debtor moved

immediately to reinstate the case on August 13, and the JP court subsequently forwarded the records a second time on August 24, opening an active duplicate appeal in County Court No. 4.

10. Debtor only utilized the bankruptcy court as an absolute emergency last resort to protect her physical homestead when her state court due process protections completely broke down under interlocking clerical errors. This sequence of continuous litigation establishes absolute good faith.

11. Furthermore, Debtor has experienced a material, positive change in financial circumstances by securing regular employment with the United States Postal Service (USPS) starting September 8, 2026. Concurrently with her conversion request, Debtor has submitted a feasible Chapter 13 Uniform Plan providing a stable monthly payment of $837.84, which includes a specific Paragraph 21 housing reserve of $561.73 to protect the estate's financial status while the title dispute is adjudicated. This concrete reorganization capacity completely eliminates any alleged lack of adequate protection.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Court DENY Movant's Motion for Relief from the Automatic Stay and maintain the protective injunction until the underlying title defects are fully adjudicated by the federal district court.

Dated: September 24, 2026.

Respectfully submitted,

**By:** ______________________________

Chanee Tennille Coleman, Debtor Pro Se
15538 Kiplands Bend Dr
Houston, TX 77014
Phone: (832) 675-2663
Email: chanee.coleman@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, a true and correct copy of the foregoing Debtor's Written Objection to the Motion for Relief from Stay was served via United States First Class Mail, postage prepaid, upon the following required parties:

**Counsel for Evicting Purchaser:**
John V. Burger
Barry & Sewart, PLLC
4635 Southwest Freeway, Suite 330
Houston, TX 77027

**The Former Chapter 7 Bankruptcy Trustee (Pending Ch. 13 Assignment):**
Allison Davison Byman
7924 Broadway, Suite 104
Pearland, TX 77581

**Office of The United States Trustee:**
515 Rusk Street, Suite 3516
Houston, TX 77002
Phone: (713) 718-4650

Dated: September 24, 2026.

**By:** ______________________
Chanee Tennille Coleman, Debtor Pro Se

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CHANEE TENNILLE COLEMAN,** | § | **CASE NO. 26-36231-H4-7** |
| | § | |
| **Debtor.** | § | **(Chapter 7)** |
| | § | |
| | § | **Hon. Eduardo V. Rodriguez** |

**PROPOSED ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

CAME ON for consideration the Written Objection filed by the Debtor, Chanee Tennille Coleman, to the Motion for Relief from the Automatic Stay filed by Movant, P.C.F. Properties in TX, LLC. The Court, having considered the Motion, the Written Objection, the active litigation timeline in the related federal district court matter, the arguments of the parties, and the record in this case, finds that the Motion should be denied.

The Court finds that the residential real property located at 15538 Kiplands Bend Dr., Houston, TX 77014 remains property of the bankruptcy estate pursuant to 11 U.S.C. § 541, as the underlying title disputes, wrongful foreclosure, and federal mortgage servicing violation claims are currently pending adjudication before the United States District Court for the Southern District of Texas. The Court further finds that maintaining the status quo under the automatic protective injunction is necessary, appropriate, and supported by good cause. It is therefore:

**ORDERED, ADJUDGED, AND DECREED** that Movant P.C.F. Properties in TX, LLC's Motion for Relief from the Automatic Stay is hereby **DENIED** without prejudice to refiling

subsequent to the final disposition of the pending federal district court litigation regarding the underlying title.

SIGNED this _____ day of ______________________, 2026.

______________________________________

**EDUARDO V. RODRIGUEZ**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**